UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE № 1:21-CR- 60271-RUIZ

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

ROBERT GOFF, III,

    *Defendant.*

_____/

### DEFENDANT GOFF'S MEMORANDUM IN AID OF SENTENCING

ROBERT GOFF, III, by and through the undersigned counsel, and pursuant to Rule 32 (f) of the Federal Rules of Criminal Procedure, Rule 88.8 of the Local Rules for the Southern District of Florida, and the due process clause of the Fifth Amendment to the United States Constitution, respectfully submits this Memorandum In Aid of Sentencing in order to provide information to assist the Court in fashioning a sentence based upon the Defendant's guilty plea that is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment as required by 18 U.S.C. §3553.

### STATEMENT OF FACTS

1. On January 20, 2022, Mr. Goff entered a plea of guilty to Count 1 of the Information. Count 1 charged the Defendant with Conspiracy to Solicit and Receive Health Care Kickbacks in violation of 18 U.S.C. § 371.

2. Subsequent to the entry of the Defendant's plea a Presentence Report (PSR) was prepared. This report is approximately twenty-five (25) pages in length. The Defense has not objected to the facts contained within the PSR but seeks in this

    Memorandum to provide the Court with insight as to who this individual, this human being, is. We do not seek to diminish the allegations of wrongdoing perpetrated by Mr. Goff. We offer to address the issue of role assessment in the conspiracy and present a more balanced view of a person to allow the Court the opportunity to better appreciate the individual who stands in the dock.

3. The Sentencing Guideline Offense Level, calculated by the United States Probation Office, is 19 with a "range" of 30-37 months. However, should the Court agree with the Defendant that Mr. Goff's was a minor participant (§3B1.2 (b) of the Sentencing Guidelines) an additional two-three-point reduction would yield an offense level of 16 or 17 with a range 21-30 months[1].

4. The sentencing in this matter is scheduled for Thursday, June 23, 2022.

## INTRODUCTION

    Robert Goff is a fifty (50) year old African American male born in rural Oklahoma and raised in modest working-class circumstances. It was a farming community in which he grew up and his high school graduating class contained sixty (60) members. A talented high school football player – though small in size – he sought his way out of small-town Oklahoma with a career in football. His athletic career commenced at Sterling College, a Division 3 school, and then he transferred to Baylor University as a walk-on player. He played very little at Baylor but believed that he could make a career out of football. It was not to be. He held an assortment of jobs ultimately finding himself in Miami. It was in Miami he met his life-partner, Jamila, with whom he shares three young sons. Two of his sons suffer from Cholestasis and are closely monitored and

---

[1] The Court could find as much as a 4 level reduction.

treated with daily medication. Ultimately, he returned to Oklahoma to be close to his aging parents and other family members. His family is his life, and he encourages his sons' athletic pursuits and assists his parents. Jamila has offered the Court a letter in support of Mr. Goff. It is an articulate and loving offering that provides Court with insight of the man she knows and loves.

## Title 18 U.S. § 3553(a) Sentencing Factors

When imposing sentence, the Court is required to consider all the factors set forth 18 U.S.C. § 3553(a) in determining what is a reasonable sentence in each case. *See, United States v. Booker,* U.S. 220 (2005); *Rita v. United States,* 551 U.S. 338 (2007). The Supreme Court has stressed that the district courts are not to treat the guidelines as presumptively reasonable. *See, United States v. Hunt,* 459 F.3d 1180 (11th Cir. 2006) (explaining that courts "may determine, on a case-by-case basis the weight to give the Guidelines, so long as that determination is made in reference to the remaining § 3553(a) factors that the court must also consider in calculating the defendant's sentence"). In fact, the *Hunt* Court explained that there are "many instances where the Guideline range will not yield a reasonable sentence." *Id.* at 1184. Mr. Goff's case represents just such a case. The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." The Court is well aware of the § 3553(a) sentencing factors. We seek to highlight Mr. Goff's situation considering these factors, particularly, his role in the offense: Mr. Goff was not the architect nor the prime mover in this offense, nor was he an individual who received significant proceeds. His "assistance" to the conspiracy, as outlined by the PSR, was relatively low.

## Role in the Conspiracy

Robert Goff was a "bit" player in the conspiracy – his role was fungible, and he was easily replaceable. The Federal Sentencing Guidelines at §3B1.2 "Mitigating Role" seeks to guide a sentencing court in its analysis of a defendant's role in the offense. Essentially it is posing the question of what the defendant's participation in the offense was. It is juxtaposed to §3B1.1 "Aggravating Role" where the guidelines ask the court to determine whether or not the defendant was an organizer, leader, manager, or supervisor in the criminal activity and in making that judgment increase the offense level. Clearly, Mr. Goff's participation in the criminal activity does not meet the requirements of an enhancement. The Commentary section of §3B1.2 (Mitigating Role) in the Application Notes portion offers guidance in this analysis. A review of the "Related Cases" in the PSR at page 7 clearly establishes that Mr. Goff is substantially less culpable than the other participants both in terms of his position in the criminal conspiracy and the proceeds he was able to obtain. The Notes in the Sentencing Guideline Manual at paragraph (C) describes the analysis as a "Fact Driven Determination." In (ii) the query is the degree in which the defendant participated in planning or organizing the criminal activity; and, in (iii) the question asked is did the defendant exercise decision-making authority. To both questions the answer is in the negative. Paragraph (iv) asks the sentencing court to look at the defendant's acts that the defendant performed and the defendant's responsibility and discretion in performing those acts: here Mr. Goff had no discretion in his actions, his role was to solicit individuals - period. And, finally, (v) the amount of "benefit" he received pales in comparison to the monies received by the principal architects of the scheme.

The Mitigating Role calculus allows the court the opportunity to review the criminal activity and access relative culpability amongst the participants. It then offers the court guidance in that assessment. In the matter before the court, it is abundantly clear that Mr. Goff culpability is at the bottom of the participants. Once one acknowledges Mr. Goff's position – or lack thereof – in the hierarchy the court must determine whether the reduction should reflect a reduction of 4 levels (minimum participant), or as a minor participant with a reduction of 2 levels. The Sentencing Commission has permitted the courts further flexibility by allowing for a 3-level reduction should the court find that the conduct of the defendant falls between minimal and minor participant.

## Conclusion

Robert Goff owned up to his culpability. He has accepted responsibility for his actions and has met with the government on a number of occasions. He is remorseful and his days are spent looking after his children and wondering how to explain his failure. Is Mr. Goff irredeemable? Can we entirely eliminate that the possibility that he is subject to redemption? "Redemption" means to deliver by paying a price.[2] What is the price Mr. Goff should have to pay for his actions? How long should he be separated from his sons, his aged parents, and his life partner?

The guidelines – depending upon the court's assessment of role - suggest a range of 21 to 37 months, that is, almost two – three+ years' incarceration.

The Defendant respectfully requests that this Court acknowledge a reduction for role and impose a sentence at the low end of the Sentencing Guidelines. The Defendant believes that such a sentence meets the sentencing criteria of 18 U.S.C.

---

[2] Redemption is the English translation of the Greek word *apolutrosis*, meaning "to purchase in the marketplace."

§3553(a) particularly considering his criminal history category. Mr. Goff believes that such sentence appropriately takes into account his history and characteristics, properly punishes him for his involvement and most certainly provides adequate deterrence for similar action in the future.

Respectfully submitted,

**MICHAEL R. BAND, P.A.**
1224 Alfred I. DuPont Building
169 East Flagler Street
Miami, FL 33131•1210
Tel: 305•372•8500
Fax: 305•372•8504
Email: michael@bandlawfirm.com

*s/ Michael R. Band*

MICHAEL R. BAND
Florida Bar № 228338

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of January 2022 a true and correct copy of the foregoing Sentencing Memorandum was furnished to all counsel on the list of counsel designated to receive electronic filings in this case.

*s/ Michael R. Band*

MICHAEL R. BAND

Case 0:21-cr-60271-RAR Document 36 Entered on FLSD Docket 06/16/2022 Page 7 of 7